**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-1798**

———————————

JOHN RASZKIEWICZ,

> Plaintiff - Appellant,

> v.

PROGRESSIVE MAX INSURANCE COMPANY,

> Defendant - Appellee.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cv-00038-JPB-JPM)

———————————

Submitted:  February 27, 2025                    Decided:  April 23, 2025

———————————

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** George N. Sidiropolis, FLANIGAN LEGAL, PLLC, Wheeling, West Virginia, for Appellant.  Susan R. Snowden, JACKSON KELLY PLLC, Martinsburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After being injured in a car accident, John Raszkiewicz brought a negligence suit against the other driver, eventually recovering $50,000 from the other driver's insurance company and $25,000 from his own insurer, Progressive Max Insurance Company ("Progressive Max"), under his policy's underinsured motorist ("UIM") provision. Though he received the full amount of his UIM policy limit, Raszkiewicz believed that Progressive Max had failed to conduct a prompt investigation of his UIM claim, wrongfully denied his initial demands for payment, and unduly delayed in settling the claim. As a result, Raszkiewicz commenced the instant action against Progressive Max, alleging breach of contract, common law bad faith, and violations of the West Virginia Unfair Trade Practices Act ("WVUTPA").

The district court granted summary judgment to Progressive Max, essentially concluding that Raszkiewicz's allegations flowed from a total misapprehension of Progressive Max's statutory rights under West Virginia law. Raszkiewicz appeals, and we affirm.

"We review a district court's grant of summary judgment de novo, construing all facts and reasonable inferences in favor of the nonmoving party." *Schulman v. Axis Surplus Ins. Co.*, 90 F.4th 236, 243 (4th Cir. 2024). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

While litigating the underlying negligence suit, Raszkiewicz demanded that Progressive Max tender the full limit of his UIM policy. Progressive Max, however, did

2

not respond with an offer until all parties consented to a proposed settlement between Raszkiewicz, the tortfeasor, and her insurance company.  Once the settlement was in place, Progressive Max made three sub-limit offers, each of which Raszkiewicz rejected. Thereafter, Raszkiewicz's primary care physician ordered an MRI of Raszkiewicz's lumbar spine, the results of which prompted him to prescribe a new pain management regimen to treat Raszkiewicz's lumbar back pain and degenerative disc disease.  Six days after Progressive Max received the physician's treatment notes, it agreed to tender the full $25,000 UIM policy limit.

On appeal, Raszkiewicz contends that Progressive Max breached its duty of good faith and fair dealing by failing to conduct a prompt investigation into his UIM claim.  In support, he relies on the West Virginia rule that "an insurance carrier has a duty, once a first-party policyholder has submitted proof of a loss, to promptly conduct a reasonable investigation of the policyholder's loss based upon all available information."  *Miller v. Fluharty*, 500 S.E.2d 310, 320 (W. Va. 1997).

Critically, Raszkiewicz ignores that a UIM policy "is activated" only when "the total amount of damages sustained by the policyholder" exceeds the amount of liability insurance carried by the tortfeasor.  *Miller*, 500 S.E.2d at 318.  Under West Virginia law, "the role of an underinsured carrier is analogous to that of a secondary or excess carrier." *State ex rel. Allstate Ins. Co. v. Karl*, 437 S.E.2d 749, 754 (W. Va. 1993).  "[T]he expectation [is] that the primary insurer will conduct all of the investigation, negotiation and defense of claims until its limits are exhausted."  *Id.* at 754 n.8 (internal quotation

3

marks omitted).  The underinsured or excess carrier, on the other hand, "does not expect to be called upon to assist in these details."  *Id.* (internal quotation marks omitted).

Here, Progressive Max's duties did not arise until after the underlying negligence claim was settled for the tortfeasor's full policy limit.  At that point, Progressive Max owed Raszkiewicz a duty to investigate his UIM claim and to make reasonable attempts at settlement.  *See* W. Va. Code § 33-11-4(9)(c), (f).  Based on our review of the record, we agree with the district court's determination that Progressive Max properly discharged these duties.  We therefore discern no triable issue of fact on Raszkiewicz's breach of contract claim.

Raszkiewicz's other claims—asserting common law bad faith and WVUTPA violations—largely turn on the same allegations of misconduct.  Because, in our view, Raszkiewicz has not adduced evidence showing that Progressive Max engaged in unfair claim settlement practices or otherwise acted in bad faith, we conclude that summary judgment was properly awarded to Progressive Max.[*]

Finally, Raszkiewicz challenges the district court's refusal to consider the opinion of his expert witness, Stephen L. Strzelec.  "We review a district court's decisions on the

---

[*] Raszkiewicz also sought damages under *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 80 (W. Va. 1986), which allows an insured to recover reasonable attorney's fees if he "must sue his own insurance company over any property damage claim, and [he] substantially prevails in the action."  Because, as Raszkiewicz acknowledges, Progressive Max never denied his UIM claim, we conclude that *Hayseeds* damages were not warranted. *See Miller*, 500 S.E.2d at 318.

4

admissibility of expert testimony for abuse of discretion." *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 958 (4th Cir. 2020).

The district court found—and Raszkiewicz does not dispute—that, at his deposition, Strzelec could not answer basic questions about West Virginia insurance law. For this reason, we conclude that the court did not abuse its discretion in finding that Strzelec was not qualified to offer an expert opinion in this case.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*